# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
   **Plaintiff,**

v.                                          **Criminal Action No. 1:07CR6**

**SAMANTHA LORETTA,**
   **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Samantha Loretta, in person and by counsel, S. Sean Murphy, appeared before me on July 18, 2007. The Government appeared by David Godwin, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Two of the Superseding Indictment.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath, and thereafter inquiring of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Samantha Loretta, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count Two of the Superseding Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Two of the Superseding Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From

2

said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than five (5) years; understood the maximum fine that could be imposed was $250,000; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated May 17, 2007, and signed by her on June 8, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Superseding Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District

3

Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement which provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, on or about September 13, 2006, at or near Jane Lew, Lewis County, West Virginia, the defendant, aided and abetted by other co-defendants, traveled in interstate commerce from Jane Lew to the State of Pennsylvania with the intent to promote, manage, establish, carry on and facilitate the promotion and carrying on of an unlawful activity, that is, a business enterprise involving controlled substances, to wit: a conspiracy to manufacture, possession with intent to distribute and distribute 50 grams of more of a mixture or substance containing a detectable amount of methamphetamine, and thereafter defendant Loretta and others, performed and attempted to perform acts to promote, manage, establish, carry on and facilitate the promotion and carrying on of the aforesaid unlawful activity, to wit: the theft of twenty-one (21) boxes of Pseudoephedrine. The parties stipulate and agree that the defendant's total relevant conduct in this case is at least 10 grams but less than 40 grams of Pseudoephedrine.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw her plea of Guilty to Count Two of the Superseding Indictment.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained

4

in Count Two of the Superseding Indictment, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her appellate rights as contained in the written plea agreement, and determined she understood those rights and voluntarily gave them up subject to the stated condition as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Two of the Superseding Indictment, including the elements the United States would have to prove at trial, charging her with aiding and abetting in interstate transportation in aid of racketeering, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

The undersigned then heard the testimony of Government witness Deputy Darren Stout, who testified he is employed by the Lewis County Sheriff's Department, assigned to the Lewis County Drug and Violent Crimes Task Force. His primary duties involve the investigation of drug cases in the Lewis County, West Virginia area. He was investigating Defendant's co-defendant Russell Foster, and is case agent on this case. Dpty. Stout testified that on September 13, 2006, he received a telephone call from police officers outside of Pittsburgh, PA, advising that Defendant and co-defendant Rickerson were in custody for stealing pseudoephedrine from a Kmart in the area.

Defendant had told the officers that Foster gave her and Rickerson his car and money to go from Foster's home in Jane Lew, West Virginia, to the Pittsburgh area to purchase cold pills. Rickerson was also given methamphetamine by Foster. Rickerson decided to steal the pills instead of buying them, however, and the two were caught leaving the store with twenty-one (21) boxes of cold pills.

Defendant told officers she wanted to assist in their investigation. Dpty. Stout and two other Task Force members went to PA and brought her back. She had said she had not "tipped off" Foster or any other co-defendants. Officers equipped her with a recording device and she placed a recorded phone call to Russell Foster's residence in Jane Lew, Lewis County. It was apparent from her recorded conversations that Defendant had, in fact, tipped off co-defendants regarding her arrest. Defendant also informed Dpty. Stout that she believed there was an anhydrous ammonia tank somewhere around Stonewall Jackson Lake in Lewis County. On November 8, 2006, officers discovered a methamphetamine lab "dump" site in that area, which included an anhydrous ammonia tank.

Officers obtained a search warrant for Foster's residence on January 15, 2007, which was executed on January 16. When the officers entered, there was an active working meth lab on the premises, as well as another in Foster's vehicle. Dpty. Stout testified that the cold pills stolen by Defendant and Rickerson contained pseudoephedrine, which is a precursor in the manufacture of methamphetamine.

The defendant stated she heard, understood, and agreed with the facts as testified to by Dpty. Stout. Thereupon, Defendant, Samantha Loretta, with the consent of her counsel, S. Sean Murphy, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Two of the Superseding Indictment. Defendant then testified she believed she was guilty of the offense alleged

in Count Two of the Superseding Indictment because on September 13, she went to Pittsburgh with Rickerson. They went to the Kmart and stole 21 boxes of pseudoephedrine, "to help Rusty out." She knew that "Rusty" [Foster] was going to use the pseudoephedrine to manufacture methamphetamine.

The undersigned United States Magistrate Judge concludes the offense charged in Count Two of the Superseding Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Deputy Stout's testimony as well as the parties' stipulation and Defendant's allocution.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant understood the charges against her, not only as to the Superseding Indictment as a whole, but in particular as to Count Two of the Superseding Indictment; Defendant understood the consequences of her plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Deputy Stout as well as the parties' stipulation and Defendant's allocution.

The undersigned concludes that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in Count Two of the Superseding Indictment. The undersigned also concludes that an independent basis in fact supports the plea and therefore recommends Defendant's plea of guilty to the felony charge contained Count Two of the Superseding Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged

guilty on said charge as contained in Count Two of the Superseding Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 25 day of July, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE